UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | DEFENDANT'S POSITION REGARDING |
| ) | SENTENCING |
| vs. ) | |
| ) | |
| Wayne Robert Lund, ) | Criminal 24-317 (MJD) |
| ) | |
| Defendant. ) | |

Defendant Wayne Robert Lund, through his counsel subscribed, respectfully submits this Position Regarding Sentencing pursuant to Local Rule 83.10(e). Congress has directed sentencing courts "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). With that mandate in mind, this position pleading summarizes a few continuing objections to the presentence investigation report, it discusses important considerations regarding the history and characteristics of Defendant Lund, and it specifically recommends a sentence of imprisonment of no greater than 42 months.

CONTINUED OBJECTIONS TO THE PRESENTENCE REPORT

Para. 36: This paragraph indicates that Mr. Lund was represented by counsel. He observes that he was not represented in that case, that he was *pro se*.

Para. 52: Mr. Lund points out that he is not a member of an "American National Assembly," but that he does relate to the "American State Assembly." Regardless what name is employed, he notes that his affiliations have nothing to do with "sovereign citizen" ideology. The core principle of "sovereign citizen ideology" is a belief by its adherents that they are not subject to federal, state, or local laws in the United States – and disrespect for the same. He does not share that belief.

Mr. Lund's personal history and the history of this case confirm that he does not share that ideology. He is a proud, honorably discharged, military veteran of this country who has interacted respectfully with all of the investigators, jailors, and court personnel during the pendency of this case. He has respectfully submitted to all the rules of this Court. He has admitted that his conduct violated the valid laws of this land, and he has accepted responsibility for it. In other words, the "sovereign citizen" label does not apply to Mr. Lund – as he has patiently tried to explain to everyone who has tried to pigeon-hole him in that camp.

Para. 54: This paragraph says that "defendant stayed with a friend in Houlton, Wisconsin." Defendant notes that he resided on his own.

Para. 106: See objection to paragraph 52 above.

ADDITIONAL SENTENCING CONSIDERATIONS

As demonstrated by his DWI convictions, his sentence for possession of drug paraphernalia, and his admitted history of marijuana and methamphetamine use, Mr. Lund's substance abuse appears to be at the root of most of his contacts with law enforcement and his inability to maintain stable housing, employment, and relationships. He acknowledged that problem in his presentence report interview, and agreed that he would benefit from substance use disorder programming. He already has taken steps to mitigate the problem by participating in the Lone Wolf substance dependency programming in jail (at least until they discontinued the program), and by applying for (and being accepted into) a Teen and Adult Challenge treatment program. As noted in the presentence report, he was able to give up drinking alcohol just over a decade ago, and he believes he can kick the rest of the substance use as well. Mr. Lund would appreciate the Court's recommendation for his participation in RDAP while serving his sentence in the Bureau of Prisons.

Mr. Lund also has suffered from his diagnosed attention deficit disorder over the years, with only sporadic medication to treat it. Indeed, some of his methamphetamine use was motivated by a belief that it served as a medication to treat the disorder. While in jail, he has recognized the need to maintain his mental health and has proactively participated in programing that includes diagnostic behavioral therapy cognitive skills, psychoeducation group, cognitive behavioral therapy group,

trauma-informed group, and life skills programming.

While the instant offense arises from Mr. Lund's "ongoing attraction/use of explosives/black powder," *see* PSR at ¶ 53, and his "lifelong interest and hobby in building mechanical devices," *id*. at ¶ 13, he nonetheless sees the current prosecution as a wake-up call. He has "acknowledge[d] that the hobby is a dangerous one which necessitates regulations . . . [and] intends to put that hobby 'to rest' as it is not worth additional legal ramifications." *Id*. He also realizes how lucky he is not to have accidently injured himself (or someone else) with the pastime.

The advisory sentencing guidelines range of imprisonment in this case calls for a term of imprisonment of between 46 to 57 months. Mr. Lund has never previously served time in a prison. Even the bottom end of that range is a very significant sentence that is many times longer than the longest sentence Mr. Lund has previously served. His longest criminal sentence was a stay in a local jail for about 8 months on the 365-day sentence imposed for a DWI in 2004. While Mr. Lund agrees that the nature of this felony offense merits real punishment, the guidelines here do not recommend an appropriately graduated sanction. Moreover, as the presentence report notes, the *average* sentence imposed on similarly situated offenders using the same sentencing guideline calculations was a sentence of imprisonment of only 39 months. P.S.R. ¶ 79.

4

SENTENCING RECOMMENDATION

Undersigned counsel specifically recommends a 42-month sentence of imprisonment in this case. That is higher than the average sentence imposed in similar cases, and it is a substantially graduated punishment from Mr. Lund's previous criminal sanctions. It also is sufficient but not greater than necessary to achieve all of the statutory purposes of sentencing for the offense conduct in this case.

Dated: 31 December 2025                Respectfully submitted,

                                       GERDTS LAW PLLC

                                       *s/ Daniel L. Gerdts*
                                       _____
                                       Daniel L. Gerdts (#207329)
                                       331 Second Avenue South, Suite 705
                                       Minneapolis, MN 55401
                                       612-800-5086
                                       daniel@danielgerdtslaw.com